IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRANCE DAMETRIUS PRICE, | § | |
| #55263-177, | § | |
| MOVANT, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:20-CV-1564-M-BK |
| | § | (CRIMINAL CASE NO. 3:17-CR-12-M-2) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Terrance Dametrius Price's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

### I. BACKGROUND

On May 15, 2018, Price pled guilty to conspiracy to commit offenses against the United States and aiding and abetting the theft of government money, and, on June 4, 2019, was sentenced to an aggregate term of 140 months' imprisonment and three years' supervised release.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Crim. Doc. 369.² He was also ordered to pay $912,179.21 in restitution. *Id.* His direct appeal was subsequently dismissed as frivolous under *Anders v. California*, 386 U.S. 738 (1967). *United States v. Price*, 785 F. App'x 267 (5th Cir. 2019) (per curiam).

On June 12, 2020, Price timely filed the instant § 2255 motion. Doc. 2; Doc. 7 (signed § 2255 motion). He challenges the guideline calculations and claims ineffective assistance of counsel. Doc. 7 at 6-11. After review of the pleadings and the applicable law, the Court concludes that Price's sentencing guideline claims are not cognizable under § 2255 and are procedurally barred and that his ineffective assistance of counsel claims fail on the merits.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Sentencing Claims Are Not Cognizable and Procedurally Barred

Price challenges the calculation of his offense level and criminal history points as insufficiently supported by the "fact findings" in the Presentence Report ("PSR"). Doc. 7 at 6-7, 10-11. He also asserts ineffective assistance of counsel for failing to raise the sentencing issues on direct appeal, which he offers as cause and prejudice for the procedural default. Doc. 7 at 6. As to the latter, Price alleges that he "adamantly requested his counsel to raise the preserved

---

² All "Crim. Doc." citations refer to the related criminal case: *United States v. Price*, No. 3:17-CR-00012-M-2 (N.D. Tex. June 4, 2019).

sentencing issue on appeal (level increase)" and "counsel refused and rebuffed [Price], claiming 'he had nothing coming.'" Doc. 7 at 7.

Price's guideline-calculation claims are not cognizable on § 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding misapplication of sentencing guidelines does not give rise to a constitutional issue cognizable under § 2255). Additionally, having failed to raise the sentencing claims on direct appeal, they are also procedurally defaulted absent a showing of cause and prejudice or that Price is "actually innocent" of the crime of which he was convicted. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). Price does not even suggest his actual innocence. He also does not satisfy the cause-and-actual prejudice exception to procedural default.

Further, contrary to Price's assertions, counsel did not "abandon" Price by filing an *Anders* brief. Doc. 7 at 4, 6. First, Price is no position to complain about appellate counsel's assessment of the case, as he was given the opportunity to raise whatever claims he desired in response to the *Anders* Brief and did not do so. *Price*, 785 F. App'x at 267. The procedure outlined in *Anders* is clear:

> [I]f counsel finds [defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent [defendant] and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned. . . . On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders*, 386 U.S. at 744.  Ultimately, and most importantly, after giving Price the opportunity to raise any issue he desired, and after independent review of "counsel's brief and the relevant portions of the record reflected therein," the Court of Appeals "concurred with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review."  This Court cannot and will not revisit the appellate court's finding.

Thus, the Court should decline to considered Price's sentencing claims.[3]

### B. Claims of Ineffective Assistance of Counsel at Sentencing Also Fail

To the extent Price challenges the ineffective assistance of counsel at sentencing, his claims are vague and conclusory and also lack merit.  He asserts *in toto*:

> [Movant] respectfully submits that with proper pretrial investigation and preparation wich [sic] includes counsel having a firm command of the facts of the case and all applicable laws and procedures.
>
> [Movant] asserts that counsel never invested in finding the facts of the claims that he probation officer made in the Pre-Sentence Report.
>
> See Pre-Sentence Report #39 #56-57 #63
>
> [Movant] asserts that, even with an attorney thinking that it would be frivolous (as did my attorney) is that not the court to decide?  [Movant] also informs the Court that [Movant's] attorney never sent to him a copy of the motion to withdraw from his case and ask[s] that this Honorable Court to question the same.

Doc. 7 at 9.

Price's assertions are clearly devoid of factual enhancement and, therefore, insufficient to plead a Sixth Amendment claim.  *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)

---

[3] Courts can invoke procedural bars *sua sponte* but only after giving the movant an opportunity to respond.  *See Willis,* 273 F.3d at 596-97.  Price will have a chance to oppose the procedural default determination during the 14-day period for filing objections to this report and recommendation.  *Id.* at 597 and n.6 (concluding magistrate judge's recommendation provides a reasonable opportunity to oppose application of procedural default).

(declining to consider vague ineffective assistance of counsel claim).  Without a specific allegation of what counsel did or failed to do, Price fails to raise an issue of constitutional import.  Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."  *Id*. at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Even liberally construing Price to predicate his ineffective-assistance claims on the sentencing issues pled in the motion, the claims have no merit.  Doc. 7 at 10-11.  To succeed on an ineffective-assistance-of-counsel claim, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Failure to establish either deficient performance or prejudice defeats the claim.  *Id.* at 697.  Moreover, to prove prejudice in the sentencing context, the movant must demonstrate that the sentence was increased by the deficient performance of defense counsel.  *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

Here, the record reveals counsel objected to the 16-level enhancement in paragraph 39 of the PSR, claiming the loss attributed to Price should have been the actual loss of $912,179.21, not the intended loss of $3,059,606.  Crim. Doc. 260-1 at 14; Crim. Doc. 353 at 1 (*Objections*); Crim. Doc. 355-1 at 1 (*Addendum*).  The Court overruled the objection, however, concluding the guideline calculations were properly based on the intended loss amount.  Crim. Doc. 373 at 10.  The Court also overruled counsel's objection to the victim-related adjustment, finding that the incarcerated persons, whose personal information were obtainable because they were in custody,

were in fact vulnerable victims. Crim. Doc. 373 at 10-11; Crim. Doc. 353 at 1-2; Crim. Doc. 355-1 at 1-2. Consequently, Price fails to show how he was prejudiced—that is, how counsel's actions resulted in an increase in his sentence. *See* Glover, 531 U.S. at 203-04.

Also contrary to Price's assertion, the PSR appropriately counted the prior sentences in case numbers F-0664340 and MB0666200 in calculating his criminal history points, as they did not result from offenses contained in the same charging instrument and the sentences were imposed on different days. Doc. 7 at 11; Crim. Doc. 260-1 at 18 (PSR ¶¶ 56-57). *See* USSG § 4A1.2(a)(2) ("If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day."). Further, the PSR refutes Price's conclusory assertion that his federal offense began at the earliest on February 1, 2012, after his state-parole-discharge date of April 5, 2011. Doc. 7 at 11; Crim. Doc. 260-1 at 4, 8, 11 (PSR ¶¶ 1, 12-13, 24). Thus, two points were correctly added because his federal offense was committed while Price was on parole. Crim. Doc. 260-1 at 20 (PSR ¶ 62).

On this record, counsel cannot be deemed ineffective for failing to make a meritless objections challenging the criminal history computation. *See* United States v. Preston, 209 F.3d 783, 785 (5th Cir. 2000) (failure to raise a meritless objection is not ineffective assistance). Therefore, Price's ineffective assistance claims fail.

### III. CONCLUSION

For the foregoing reasons, Price's § 2255 motion should be summarily **DISMISSED WITH PREJUDICE**, as provided by Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on September 19, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).