IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRANCE DAMETRIUS PRICE, #55263-177, Movant, v. UNITED STATES OF AMERICA, Respondent. | § § § § § § § § § | CIVIL NO. 3:20-CV-1564-M-BK (CRIMINAL NO. 3:17-CR-12-M-2) |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this 28 U.S.C. § 2255 case. Objections were filed.

On September 19, 2021, the magistrate judge found that (1) Price's sentencing guideline claims were not cognizable under § 2255 and were procedurally barred, (2) his ineffective assistance of counsel claims failed on the merits, and, thus, (3) the § 2255 motion should be summarily dismissed. Doc. 9. In his objections, Price alleges that counsel was ineffective for failing to object to the PSR's "determination that pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), [the] offense involved 10 or more victims and therefore a 2-level enhancement applied." Doc. 12 at 4. Specifically, he argues that the 27 individuals whose personal information was used to submit the fraudulent tax returns were not victims because they sustained neither monetary loss nor bodily injury. Doc. 12 at 4-5. Thus, Price contends there was only one victim involved in his case—the Internal Revenue Service (IRS)—not the 27 victims identified in the PSR.

In support of his argument, Price cites the definition of victim in § 2B1.1, which requires that the person must have suffered either pecuniary harm ("any part of the actual loss

determined") or "bodily injury as a result of the offense." U.S.S.G. § 2B1.1, cmt. n.1. Price also relies on the following language in the PSR:

> There is no information the victims sustained any monetary loss based on the bogus tax returns filed using their means of identification. During interviews with agents, many of the victims stated they had difficulties filing their subsequent tax returns due to identify theft; however, in many instances they received a pin number from the IRS to use when filing subsequent tax return.

Crim. Doc. 260-1 at 12, PSR ¶ 30; Doc. 12 at 5-6. Further, Price seeks to differentiate between his plea to conspiracy to commit offenses against the United States and a plea to identity theft, which was dismissed as part of the plea agreement. Doc. 12 at 5.[1]

Price's arguments are flawed, however. He erroneously discounts the impact of his fraudulent use of the victims' personal information. The 27 individuals whose identities were stolen were obviously also victims of his illegal scheme because, as confirmed in the PSR, their personal information (names and social security numbers) was stolen and used illegally to file the fraudulent tax returns. Crim. Doc. 260-1 at 8, 11-12, PSR ¶¶ 15, 24, 30. Application Note 4(E) provides that, for cases involving "means of identification," such as this one, a victim includes "any individual whose means of identification was used unlawfully or without authority."[2] U.S.S.G. § 2B1.1 cmt. n.1, 4(E). Further, "Application Note 4(E) applies to all cases, not just government health care programs, 'involving means of identification.'" *United States v. Moparty*, 11 F.4th 280, 300 (5th Cir. 2021); *see also United States v. Ford*, 784 F.3d

---

[1] Noticeably, Price abandons his objection to the loss amount and the related claim of ineffective assistance of counsel. Doc. 12 at 5 (asserting in his Objections that "any reasonably effective counsel would have not lodged an objection against the PSR's loss determination as set forth in paragraph 39" and that "the PSR accurately determined that the intended loss amount was the loss amount the district court should use to determine Petitioner Price's Guidelines Range.").

[2] "Means of identification" is defined as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual." *See* U.S.S.G. § 2B1.1 cmt. n.1

1386, 1397 (11th Cir. 2015) (finding that Application Note 4(E)(ii) makes "clear that 'any individual whose means of identification was used unlawfully or without authority' is a victim under U.S.S.G. § 2B1.1(b)(2)").

Because Price's offense undoubtedly involved the unlawful use of means of identification of 10 or more victims, the two-level enhancement under § 2B1.1(b)(2)(A)(i) was properly applied. Consequently, any objections by counsel to the contrary would have been frivolous. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (failure to raise a meritless objection is not ineffective assistance). Price's ineffective assistance claim therefore fails.

In conclusion, the Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. After a *de novo* review of those portions of the proposed findings, conclusions, and recommendation to which objection was made, the court OVERRULES Petitioner's objection.

Finding no error, the court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the motion to vacate sentence under 28 U.S.C. § 2255 is summarily DISMISSED WITH PREJUDICE. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

SO ORDERED this 19th day of November, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE